IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-00300-BO

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | **MOTION FOR PRELIMINARY** |
| v. | : | **ORDER OF FORFEITURE** |
| | : | |
| FREDDIE S. DEAN | : | |
| a/k/a "Freddie S. Williams" | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court enter, pursuant to Fed. R. Crim. P. 32.2, the proposed Preliminary Order of Forfeiture filed herewith.

In support of this motion, the Government shows unto the Court the following:

1. On June 24, 2020, the defendant was charged in a Criminal Indictment with offenses in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A). The Indictment provided notice to the defendant that pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665, the United States would seek to forfeit any property with the requisite nexus to the offenses charged as set forth more particularly in the Forfeiture Notice, including but not limited to the property described below. The government also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

1

2. On October 27, 2020, the defendant entered a plea of guilty pursuant to a written Plea Agreement as to Counts Two and Seven of the Criminal Indictment, specifically 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. §841(a)(1). The Memorandum of Plea Agreement memorializes the defendant's consent to the forfeiture of the subject property.

3. Criminal forfeiture is a mandatory element of a defendant's sentence in cases where Congress has legislated forfeiture authority. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that as soon as practicable after an adjudication of guilt, "the court must determine what property is subject to forfeiture under the applicable statute" by ascertaining whether "the requisite nexus" or connection between the property and the offense exists or, if directly forfeitable property is unavailable, the equivalent "amount of money" that the defendant will be ordered to satisfy through the forfeiture of substitute assets. The Government's burden of proof as to the issue of forfeiture is by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995). The Court may make its forfeiture determination based on "evidence already in the record, including any written plea agreement, and on any additional evidence submitted by the parties and accepted by the court as relevant and reliable," including in reliance on hearsay and circumstantial evidence. Fed. R. Crim. P. 32.2(b)(1)(B); *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005). Once a court determines that forfeiture is appropriate, the court "must promptly enter a preliminary order of

forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A).

4. Pursuant to 18 U.S.C. § 924(d)(1), a defendant who is convicted of any violation of the Gun Control Act, the National Firearms Act, or any other violation of federal criminal law that involved or was perpetrated in whole or in part by the use of firearms or ammunition, shall forfeit any firearm or ammunition involved in or used in a knowing or willful commission of the offense.[1] This civil forfeiture authority is made applicable to criminal proceedings by virtue of 28 U.S.C. § 2461(c). In addition, the Court has authority pursuant to 18 U.S.C. § 3665 to order the forfeiture of any firearms and ammunition that were found in the possession or under the immediate control of the defendant at the time of arrest.

5. Pursuant to the defendant's guilty plea, the stipulations contained in the Memorandum of Plea Agreement, and the entire record of the case, the Government requests that the Court enter, as the statute requires, a Preliminary Order of Forfeiture regarding the following directly forfeitable property in which the

---

[1] Section 924(d)(1)'s forfeiture authority is to be construed broadly. *Smith v. United States*, 508 U.S. 223, 234-35 (1993). Most fundamentally, firearms and ammunition are "used" or "involved in" an offense whenever their use or possession is a necessary element of or serves as the basis for an underlying federal conviction, but they may also be forfeitable if they are employed, possessed, transported, traded, sold or acquired in the course of committing a crime, or are otherwise intended to facilitate a crime. *See id.*; *United States v. Cheeseman*, 600 F.3d 270, 278-79 (3d Cir. 2010).

defendant (or any combination of defendants in this case) has or had a forfeitable interest:

Personal Property:

a) A Denali Cobra .380 handgun bearing serial number K19441, seized on March 15, 2019 from FREDDIE S. DEAN, also known as "Freddie S. Williams";[2]

b) A Hi-Point CF380 handgun bearing serial number P81G2760, seized on March 15, 2019 from FREDDIE S. DEAN, also known as "Freddie S. Williams";[3]

c) A Winchester Model 300 Defender shotgun bearing serial number L2871317, seized on January 11, 2020 from FREDDIE S. DEAN, also known as "Freddie S. Williams";[4]

d) A 9 mm SCCY pistol bearing serial number 774160, seized on March 24, 2020 from FREDDIE S. DEAN, also known as "Freddie S. Williams";[5] and

---

[2] On March 15, 2019, Wilson Police Department stopped a vehicle driven by Freddie Dean and he consented to a search where officers located the firearm in a bag lying in the passenger seat. This conduct resulted in the resulting 18 U.S.C. § 924(c) charge set forth in Count Two of the Indictment, to which the defendant pleaded guilty.

[3] During this same stop referenced in footnote 2, the Hi-Point pistol was found in the vehicle's glove box.

[4] On January 11, 2020, Wilson Police Department stopped a vehicle driven by Dean and ultimately arrested him. In addition to controlled substances, a search of the vehicle yielded fourteen .40 caliber bullets on the floor board behind the driver seat and a 12 gauge Winchester Model 300 Defender Shotgun with 7 shotgun shells in the trunk. This firearm is connected to the dismissed charged alleged in Counts Five and Six, but the Court may still order forfeiture pursuant to 18 U.S.C. § 3665.

[5] On March 24, 2020, Wilson Police Department initiated a traffic stop on a vehicle driven by Dean. A search of the vehicle located 57 more MDMA pills, 8 grams of cocaine, 87 grams of marijuana and a stack of plastic baggies in a container in the back seat. A 9mm SCCY black pistol was located in the glove compartment of the vehicle. This conduct resulted in the resulting 21 U.S.C. § 841(a)(l) charge set forth in Count Seven of the Indictment, to which the defendant pleaded guilty.

e) Any and all ammunition.

WHEREFORE, the Government respectfully requests the Court to enter the attached proposed Preliminary Order of Forfeiture.

Respectfully submitted this 9th day of November, 2020.

>ROBERT J. HIGDON, JR.
>United States Attorney
>
>BY: /s/ Matthew L. Fesak
>     MATTHEW L. FESAK
>Assistant United States Attorney
>Civil Division
>150 Fayetteville Street, Suite 2100
>Raleigh, NC 27601
>Telephone: (919) 856-4530
>Facsimile: (919) 856-4821
>E-mail: matthew.fesak@usdoj.gov
>NC State Bar #35276
>Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that I have on this 9th day of November, 2020, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically via ECF:

W. Michael Dowling
Email: mdowling@brookspierce.com

        ROBERT J. HIGDON, JR.
        United States Attorney

        BY: <u>/s/ Matthew L. Fesak</u>
            MATTHEW L. FESAK
        Assistant United States Attorney
        Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, NC 2760l
        Telephone: (919) 856-4530
        Facsimile: (919) 856-4821
        E-mail: matthew.fesak@usdoj.gov
        NC State Bar #35276
        Attorney for Plaintiff